T.C. Memo. 2001-18


UNITED STATES TAX COURT


RONALD AND SUE M. LESCHKE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4301-99.                    Filed January 26, 2001.


        R determined that Ps were liable for income tax
deficiencies based on the disallowance of amounts
claimed as business expense deductions by an S
corporation wholly owned by P husband.

        <u>Held</u>:  Amounts used to purchase gift certificates
for corporate customers are deductible only to the
extent of the $25 limitation set forth in sec. 274(b),
I.R.C.

        <u>Held</u>, <u>further</u>, sums paid for gift nut baskets
given to employees are fully deductible pursuant to the
language of secs. 102(c) and 274(b), I.R.C.

        <u>Held</u>, <u>further</u>, $100 bills given to employees as
Christmas bonuses are fully deductible as compensation.

<u>Richard A. Frederick</u>, for petitioners.

<u>Christa A. Gruber</u> and <u>Mark J. Miller</u>, for respondent.

MEMORANDUM OPINION

NIMS, Judge:  Respondent determined Federal income tax deficiencies for petitioners' 1993 and 1994 taxable years in the amounts of $20,446 and $37,214, respectively.  The deficiencies are attributable in part to adjustments in the taxable income reported by R & J Transport, Inc. (R&J), an S corporation wholly owned by petitioner Ronald Leschke.  After concessions, this Court is asked to decide whether, and to what extent, the following expenditures made by R&J are deductible as business expenses:

(1) Amounts used to purchase gift certificates given to corporate customers of R&J;

(2) amounts paid for gift nut baskets given to employees of R&J; and

(3) $100 bills given to employees of R&J as Christmas bonuses.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found.  The stipulations of the

parties, with accompanying exhibits, are incorporated herein by this reference. At the time the petition was filed in this case, petitioners resided in Manitowoc, Wisconsin.

During the years at issue, petitioner Ronald Leschke was the president and sole owner of R&J, a small trucking company operating out of Manitowoc, Wisconsin. R&J had in place at all relevant times an election to be treated under subchapter S of the Internal Revenue Code, which provides for the passthrough and taxation to shareholders of corporate income. See sec. 1366. Three types of deductions claimed by R&J for the years 1993 and 1994, the disallowance of which would lead to a corresponding increase in petitioners' taxable income, form the subject of this litigation.

Gift Certificates

In 1993, R&J paid $7,606.46 to Towsley, Inc., for 36 gift certificates. Each gift certificate was priced at $210 and entitled the recipient to select merchandise from a catalog enclosed with the certificate. Included among the wide variety of potential choices available through the catalog were telephones, stereos, cameras, clocks, luggage, and kitchen appliances.

The gift certificates were given by R&J as promotional items to 28 corporate customers, with each such customer receiving either one or two certificates. R&J deducted $7,606 for the gift

certificates as an "Advertising" expense on its 1993 U.S. Income Tax Return for an S Corporation, Form 1120S. (Although the record reflects corporate recipients for 37 gift certificates, one certificate was apparently omitted by R&J in calculating the claimed deduction.) Upon subsequent examination, respondent allowed a deduction of $25 per gift certificate, for a total of $900, and disallowed the balance.

Gift Nut Baskets

During each of the years 1993 and 1994, R&J gave gift nut baskets to 166 nonemployees and 44 employees as promotional Christmas gifts. The 210 baskets for each year were purchased at a cost of $61 apiece, for a total of $12,810. With respect to the baskets given in 1993, R&J paid $7,500 of the purchase price in 1993 and deducted such amount in that year as an "Administrative" expense. The remaining portion of the price, $5,310, was paid and deducted in 1994, designated as an "Advertising" expense. With respect to the baskets given in 1994, the full $12,810 was both paid and deducted as an "Administrative" expense in that year.

Pursuant to the above-mentioned examination, respondent allowed for the 1993 year a deduction of $25 per gift for only the 166 baskets given to nonemployees. For 1994, a deduction of $25 per gift was allowed for all 210 baskets. Any additional amounts claimed were disallowed.

Christmas Bonuses

In 1993, R&J distributed Christmas bonuses in the form of one $100 bill to each of 42 employees. The $4,200 expended in this manner was deducted by R&J in 1993 as an "Administrative" expense and was not included in the wages of the recipients. This deduction was disallowed in full by respondent.

Discussion

I.  General Rules

Deductions are a matter of "legislative grace", and "a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms." New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see also Rule 142(a). As a general rule, section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". An expense is ordinary for purposes of this section if it is normal or customary within a particular trade, business, or industry. See Deputy v. du Pont, 308 U.S. 488, 495 (1940). An expense is necessary if it is appropriate and helpful for the development of the business. See Commissioner v. Heininger, 320 U.S. 467, 471 (1943).

In addition to the above criteria for deductibility under section 162, certain categories of expenses must also satisfy the strict substantiation requirements of section 274 in order for a

deduction to be allowable.  Among items within the purview of section 274 are traveling expenses, entertainment expenses, "any expense for gifts", and expenses with respect to listed property (as defined in section 280F(d)(4)).  Sec. 274(d).  Accordingly, no deduction is allowed for gifts "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement" the amount of the expense, the date and description of the gift, the business purpose of the expense, and the business relationship to the person receiving the gift.  Id.  Moreover, the available deduction for even a properly substantiated business gift may be further limited if the gift is of a type subject to the provisions of section 274(b), set forth in relevant part below:

> SEC. 274(b).  Gifts.--
>
>     (1) Limitation.--No deduction shall be allowed under section 162 or section 212 for any expense for gifts made directly or indirectly to any individual to the extent that such expense, when added to prior expenses of the taxpayer for gifts made to such individual during the same taxable year, exceeds $25.  For purposes of this section, the term "gift" means any item excludable from gross income of the recipient under section 102 which is not excludable from his gross income under any other provision of this chapter * * *

Section 102, in turn, reads as follows:

SEC. 102.  GIFTS AND INHERITANCES.

    (a) General Rule.--Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance.

\* \* \* \* \* \* \*

(c) Employee Gifts.--

(1) In general.--Subsection (a) shall not exclude from gross income any amount transferred by or for an employer to, or for the benefit of, an employee.

II.  Application

A.  Substantiation Requirements of Sections 162 and 274(d)

As a threshold matter, we deal briefly with the question of whether the expenditures at issue have been substantiated as business expenses to an extent sufficient to comply with the requirements of sections 162 and 274(d).  Although respondent makes reference on brief to a lack of substantiation, we are satisfied that the stipulated facts and exhibits meet the criteria imposed by these sections.

First, the distributing of gifts or bonuses to customers and employees, particularly at Christmas, has long been accepted as an ordinary and necessary business practice, and we refuse to find otherwise here.  See Danz v. Commissioner, 18 T.C. 454, 460, 464 (1952) (stating that bonuses described as "Christmas gifts to employees" were ordinary and necessary expenses), affd. 231 F.2d 673 (9th Cir. 1955); Dobbe v. Commissioner, T.C. Memo. 2000-330 (holding that the cost of golf clubs given to a foreign salesman/broker was an ordinary and necessary business expense); Snyder v. Commissioner, T.C. Memo. 1983-692 (finding that the cost of flowers and fruit baskets given out at Christmas time to

employees and customers, to promote goodwill, was an ordinary and necessary business expense).  Furthermore, the evidence contained in the record establishes the dollar amount for each of these expenditures, indicates that the items were given at Christmas, describes the nature of the items given, stipulates that they were distributed either as "promotional" items or "bonuses", and identifies the names of the corporate customer or employee recipients and their roles as such.  We are convinced that this information comports with the requisites of sections 162 and 274(d).  Moreover, we believe that respondent's allowing of a $25 deduction for each gift certificate and for the majority of the gift baskets represents an implicit concession that the underlying requirements for substantiation have been satisfied on these facts.  We thus conclude that to the extent section 162 is and section 274(d) may be applicable to the expenses at issue, the necessary factual basis for deductibility has been shown on this record.  We therefore turn to the question of whether other legal principles preclude or limit the available deductions with respect to each of the three forms of expenditure in contention.

B.  Other Limitations on Deductibility

1.  Gift Certificates

Petitioners contend that the expenditures made for the gift certificates are fully deductible and are not limited by section 274(b) to a deduction of $25.  Petitioners maintain that these

certificates were given to large corporate customers and therefore were not gifts "made directly or indirectly to any individual". Hence, in petitioners' view, these expenses do not come under the restrictions of section 274(b).

Conversely, respondent asserts that the certificates were given indirectly to individuals within the meaning of the statute and regulations promulgated thereunder. According to respondent, it is reasonable to surmise from the facts presented that petitioners intended and were aware that particular individuals would be the beneficiaries of the gift certificates.

Before examining the parties' respective arguments, we pause to note that respondent has labeled these expenditures as "gifts", and petitioners have not challenged whether they in fact represent an "item excludable from gross income of the recipient under section 102". Sec. 274(b)(1). However, as a leading commentator has observed:

> Normally, a transfer is a gift for purposes of §
> 102 only if it proceeds from detached and disinterested
> generosity. Section 274(b) is mostly concerned with
> transfers that arise from motivations having to do more
> with business advantage than generosity, which are
> excluded from the recipient's gross income under an
> unverbalized extension of the meaning of "gift,"
> covering gratuitous transfers of items of small value.
> * * * [1 Bittker & Lokken, Federal Taxation of Income,
> Estates, and Gifts, par. 21.3, at 21-52 (3d ed.
> 1999)(fn. ref. omitted); see also Commissioner v.
> Duberstein, 363 U.S. 278 (1960).]

Thus, while the reach of section 102 in a business context appears to be less than fully articulated, we decline to address

this matter where it has seemingly been conceded, even if sub silentio, and we accept the parties' gift characterization for purposes of this proceeding.

The regulations which address indirect gifts in the context of largess to business entities provide:

> Gift to corporation or other business entity. If a taxpayer makes a gift to a corporation or other business entity intended for the eventual personal use or benefit of an individual who is an employee, stockholder, or other owner of the corporation or business entity, the gift generally will be considered as made indirectly to such individual. Thus, if a taxpayer provides theater tickets to a closely held corporation for eventual use by any one of the stockholders of the corporation, and if such tickets are gifts, the gifts will be considered as made indirectly to the individual who eventually uses such ticket. On the other hand, a gift to a business organization of property to be used in connection with the business of the organization (for example, a technical manual) will not be considered as a gift to an individual, even though, in practice, the book will be used principally by a readily identifiable individual employee. A gift for the eventual personal use or benefit of some undesignated member of a large group of individuals generally will not be considered as made indirectly to the individual who eventually uses, or benefits from, such gifts unless, under the circumstances of the case, it is reasonably practicable for the taxpayer to ascertain the ultimate recipient of the gift. Thus, if a taxpayer provides several baseball tickets to a corporation for the eventual use by any one of a large number of employees or customers of the corporation, and if such tickets are gifts, the gifts generally will not be treated as made indirectly to the individuals who use such tickets. [Sec. 1.274-3(e)(2), Income Tax Regs.]

In addition, this Court has previously summarized the standard set by the foregoing regulation as follows:

Gifts for the use of undesignated members of a large group are not considered indirect gifts to individuals; thus, one distinguishing factor lies in the provider's knowledge about the ultimate recipient of the gift. But the heart of the distinction being made is that payments for gifts to be made by and in the sole discretion of some other business entity are not treated as "gifts to individuals" by the payor in the first instance. * * * [World Wide Agency, Inc. v. Commissioner, T.C. Memo. 1981-419.]

Applying these precepts to the matter at hand, we conclude that petitioners have failed to establish that the gift certificates were given to undesignated and unknown members of a large group in the sole discretion of the receiving entity. The record before us lists only the name of each corporate recipient and the corresponding sales volume generated by that customer. We thus are unable to determine that the entities were not small, closely held corporations with few employees. Even a significant sales volume tells us little about the underlying corporate structure or relationships. We also note that R&J chose to give a second certificate to 9 of the 28 enumerated customers for reasons that apparently bear no correlation to sales volume. Those customers ranked first, fourth, fifth, seventh, eleventh, fifteenth, seventeenth, twenty-second, and twenty-third in terms of decreasing sales volumes were selected to receive two certificates. This could support an inference that R&J expected or intended particular persons to be awarded the gift certificates and felt that two individuals in certain

organizations were deserving.  We hold that section 274(b) limits to $25 the deduction available for each of the 36 gift certificates claimed to represent a deductible expenditure.

### 2. Gift Nut Baskets

As regards the gift nut baskets, we observe as a preliminary matter that respondent's determinations include adjustments reducing the deductions claimed with respect to both the baskets given to nonemployees and those given to employees of R&J.  The pleadings filed by petitioners also dispute disallowed amounts related to both types of recipient.  On brief, however, petitioners address only their entitlement to increased deductions for sums expended to purchase the baskets given to those stipulated as employees.  We thus assume, and deem, petitioners to have conceded that they are allowed to deduct only $25 for each basket given to those designated by stipulation as nonemployees.  See Rules 142(a), 149(b).  In this connection, we also note that respondent has pointed out on brief that conflicts within certain documents in the record may indicate that several recipients of baskets not identified as employees may in fact have held that status.  However, because petitioners do not so argue, and because any such error would be in respondent's favor based on our resolution below, we accept the parties' numerical stipulations in this regard.

Concerning the baskets given to employees, petitioners again assert that the related expenditures are fully deductible and are not limited to $25 by section 274(b). Their rationale for doing so differs, however, from that advocated in conjunction with the gift certificates. Principally, petitioners maintain that because gifts to employees are not excludable from income under section 102, they are not "gifts" for purposes of the limitation imposed by section 274(b). In the alternative, petitioners argue that the baskets should be characterized as fully deductible compensation, rather than as gifts.

In addition to contentions regarding lack of adequate substantiation, which we rejected above, respondent cites section 1.274-2(b)(1)(iii)(b)(1), Income Tax Regs., in support of the position that any deduction available to R&J is limited by section 274(b). This regulation establishes, for purposes of applying the appropriate set of strict substantiation rules under section 274, the label to be adopted in cases where an expense might be considered either as a gift or for entertainment. Specifically, an "expenditure for packaged food or beverages transferred directly or indirectly to another person intended for consumption at a later time" is deemed a gift. Sec. 1.274-2(b)(1)(iii)(b)(1), Income Tax Regs. From that statement,

respondent extrapolates that any such distribution of food is a gift within the meaning of section 274 and is thereby subject to the $25 limitation.

We, however, disagree with respondent's premise.  While the cited regulation may specify the proper characterization for an item which falls within the section 274 criteria for both a gift and an entertainment expense, it does not establish that the item qualifies as either in the first instance.  For that, we must look to the statutory definition.  Section 274(b)(1) states expressly that "For purposes of this section, the term 'gift' means any item excludable from gross income of the recipient under section 102".  Section 102, in turn, is equally explicit in providing that such section "shall not exclude from gross income any amount transferred by or for an employer to, or for the benefit of, an employee."  Sec. 102(c)(1).  The plain language of the sections thus appears to demand the construction advocated by petitioners.  Additionally, we note that because this subsection (c) was enacted as part of the Tax Reform Act of 1986, Pub. L. 99-514, sec. 122(b), 100 Stat. 2110, certain earlier cases may be inapposite.

We further observe that petitioners' interpretation would seem to do no violence to the purpose underlying the strict substantiation rules.  The aim of these restrictions is "to disallow as business deductions items for which there will be no

matching inclusion in the income of the recipient and generally to prevent the deduction of personal expenditures under the guise of business expenses." World Wide Agency, Inc. v. Commissioner, T.C. Memo. 1981-419; see also H. Rept. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 423. Since section 102(c)(1) precludes treatment of gifts to employees as tax-free gratuities, the principle of matching income inclusion and deduction will be protected in situations such as that now before the Court.

We therefore hold that the gift nut baskets presented to employees of R&J are not gifts within the meaning of section 274(b) and that deduction of amounts expended to purchase the baskets is not subject to the $25 limitation. Hence, a deduction of $61 is allowed for each basket given to those stipulated as employees.

### 3. Christmas Bonuses

With respect to the $100 bills given to employees as Christmas bonuses, petitioners rely primarily on the argument that the full $4,200 is deductible under section 162(a)(1) because it represents compensation paid to those employees. Alternatively, if the bonuses are characterized as gifts, petitioners aver that they are fully deductible for the same reasons as were discussed above in connection with the nut baskets.

Respondent, in addition to again referencing substantiation, counters that the bonuses may not now be deducted as compensation because there exists no proof the payments were intended as such at the time made. Respondent asserts that since the amounts were not included in the wages of the R&J employees, petitioners are precluded from construing them as compensation at this juncture. According to respondent, the bills must be treated as gifts and any deductions, if substantiated, would at best be limited to $25 by section 274(b). Furthermore, to the extent that an employee received both a $100 bill and a gift basket, respondent maintains that only a single $25 deduction is potentially allowable.

Regulations promulgated under section 162 speak to the issue of when bonuses to employees are deductible as compensation:

> Bonuses to employees will constitute allowable deductions from gross income when such payments are made in good faith and as additional compensation for the services actually rendered by the employees, provided such payments, when added to the stipulated salaries, do not exceed a reasonable compensation for the services rendered. It is immaterial whether such bonuses are paid in cash or in kind or partly in cash and partly in kind. Donations made to employees and others, which do not have in them the element of compensation or which are in excess of reasonable compensation for services, are not deductible from gross income. [Sec. 1.162-9, Income Tax Regs.]

Whether the requisite compensatory intent has been shown in a particular case is a factual question to be decided on the basis of all relevant circumstances. See Electric & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1340 (1971), affd. without

published opinion 496 F.2d 876 (5th Cir. 1974); Dobbe v. Commissioner, T.C. Memo. 2000-330; St. John v. Commissioner, T.C. Memo. 1970-238. One such pertinent circumstance is whether the employer reported the amounts as wages or compensation on income tax returns or Forms W-2, Wage and Tax Statement, and deducted withholding therefrom. See Paula Constr. Co. v. Commissioner, 58 T.C. 1055, 1059 (1972), affd. without published opinion 474 F.2d 1345 (5th Cir. 1973); Electric & Neon, Inc. v. Commissioner, supra at 1340-1341. However, contrary to respondent's apparent position, failure to do so is not conclusive. See Danz v. Commissioner, 18 T.C. at 464; Dobbe v. Commissioner, supra.

For instance, in Danz v. Commissioner, supra at 460, the taxpayer designated the payments at issue as "Christmas gifts to employees", and the Commissioner determined that they were not deductible as compensation. Given these facts, we held:

> The Commissioner erred in disallowing the amounts paid by the trust as Christmas bonuses to employees for 1943, 1944, 1945, and 1946. Those represented amounts ranging from $5 to $35 determined by the manager of the hotel to be suitable bonuses for various employees of the hotel, and a bonus to the manager ranging from $50 to $150 per year fixed by the real estate company as agent for the trust in the operation of the hotel. The determination of the Commissioner indicates that they were disallowed not because in excess of reasonable compensation for the employees but because the trust had not deducted withholding or social security taxes from the amounts paid * * * [Id. at 464.]

Likewise, in Dobbe v. Commissioner, supra, the company purchased golf clubs for an overseas salesman/broker, did not

issue a Form W-2, and deducted the entire cost as an "Employee Relations" or "Customer Ref" expense. We nonetheless reiterated that "Whether the golf clubs were given to Mr. Heemskerk as a gift or for services rendered must be determined from all the facts and circumstances." Id. After pointing out that "A voluntarily executed transfer of property by one to another, without any consideration or compensation therefor, is not necessarily a gift within the meaning of section 274(b)", we concluded that the company had "purchased the golf clubs for Mr. Heemskerk as an incentive for future performance and in appreciation for his past services to the company." Id. A full deduction was permitted under section 162(a). See id.

We are similarly convinced that the $100 bills here were in fact given in recognition of services performed. When relatively small cash payments are made to a significant number of non-shareholder employees, and only to employees, we are hard pressed to infer that their labors for the employer were not the underlying motivation. This is not a case which presents a situation of potential disguised dividends to owners, the more typical context for challenges to the deductibility of an alleged bonus. See Owensby & Kritikos, Inc. v. Commissioner, 819 F.2d 1315, 1324 (5th Cir. 1987), affg. T.C. Memo. 1985-267; Labelgraphics, Inc. v. Commissioner, T.C. Memo. 1998-343, affd. 221 F.3d 1091 (9th Cir. 2000). We therefore hold that the

bonuses are fully deductible as compensation.  Alternatively, for the sake of completeness, we note that even a gift characterization would not result in application of the section 274(b) $25 limit for reasons identical to those relied upon in resolving treatment of the nut baskets.

   To reflect the foregoing,

                              <u>Decision will be entered</u>

                              <u>under Rule 155</u>.